Filed 6/30/26  Zhao v. Lin CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| QING ZHAO,<br><br>    Plaintiff, Cross-defendant and Respondent,<br><br>    v.<br><br>PAI SUNG LIN,<br><br>    Defendant, Cross-complainant and Appellant. | B344081<br><br>(Los Angeles County  Super. Ct. No. 19STCV42782) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge.  Affirmed in part and reversed in part.

Wolfe & Wyman and Kelly Andrew Beall for Defendant, Cross-complainant and Appellant.

No appearance for Plaintiff, Cross-defendant and Respondent.

————————————————

# INTRODUCTION

Plaintiff Qing Zhao and her husband Chen Wang purchased a condominium together.  They took title as husband and wife as joint tenants.  Wang later obtained a loan from defendant Pai Sung Lin by forging Zhao's signature on loan documents, including a deed of trust secured by the couple's home.  Soon after, Zhao filed for divorce, and she and Wang reached a marital settlement agreement (MSA) upon which the family law court entered judgment.  That judgment awarded the home to Zhao as her separate property based in part on the MSA's statement that "the source of funds for" its purchase "was derived from [her] sole and separate property."  Pursuant to the MSA, the family law judgment also assigned the loan debt on the condominium to Wang as his sole obligation and required him to cooperate in a future lawsuit seeking to void the deed of trust securing that debt.

After the family law judgment was entered, Zhao filed the underlying action against Lin, Wang, and others for declaratory relief, and to quiet title and cancel the deed of trust, among other claims.  Lin cross-claimed, also seeking declaratory relief, to quiet title, and an equitable lien.  After a bench trial, the court found that the condominium was Zhao's separate property at the time of Lin's loan based solely on the family court judgment; Zhao introduced no other evidence substantiating the claim that she used her separate funds to purchase the property.  The trial court also found that under Family Code[1] section 1102, even if the home was community property, Zhao was entitled to avoid the deed of trust in its entirety.

---

[1] Unspecified statutory citations are to the Family Code.

2

Lin argues the court erred in finding the condominium was Zhao's separate property when he recorded his deed of trust. To the extent the home was community property, Lin argues Zhao cannot avoid the entire deed of trust under section 1102 because she did not challenge the encumbrance prior to the division of community assets. Lin asserts the applicable law limits Zhao to avoiding only part of the lien, namely any security based on her one-half community interest, and not also the security based on Wang's one-half community interest.

We conclude no substantial evidence supports the court's separate property finding and that Lin carried his burden on his cross-claims to show the property was community property at the time of the encumbrance. We therefore reverse the court's judgment as to the claims that depend on that finding and which Lin appealed—quiet title, declaratory relief, and the cancellation of the deed of trust in its entirety. We direct that the court enter judgment in Lin's favor as to Zhao's claims for declaratory relief and quiet title. (See *McCoy v. Hearst Corp.* (1991) 227 Cal.App.3d 1657, 1661.) We further direct the court to cancel the deed of trust only to the extent of Zhao's community property interest.

Lin did not include his cross-complaint in the record. The court found that Lin was not entitled to relief on his equitable lien claim, and Lin's appellate brief does not raise this ruling as an issue for our review. His brief also contains no cogent argument regarding his own quiet title and declaratory relief claims. We therefore deem forfeited any challenge to the court's judgment as to Lin's cross-claim for equitable lien, and, to the extent they are not the opposite side of the coin to Zhao's claims, Lin's cross-claims for declaratory relief and to quiet title.

3

## BACKGROUND

### A.    Factual Summary

We derive the following factual summary from Zhao and Lin's stipulated facts and the evidence adduced at trial.[2]

In 2015, Zhao and Wang married.  In 2016, they purchased a condominium in Covina as husband and wife/joint tenants using a $200,000 loan from Sterling Bank & Trust FSB (Sterling Bank).  According to Zhao, "[she] borrow[ed] money for the purpose of buying a house."  When asked if Sterling Bank was the lender with whom "[she] purchased" the property, she responded, "Probably yes."  She acknowledged Wang was also "on [the] loan" and that she had been a student during the marriage while Wang had been employed.  It appears the bank loan was repaid no later than August 2019; there was no evidence at trial regarding the source of funds used to pay off that loan.[3]

On April 17, 2019, Wang obtained a $230,000 loan from Lin, secured by the property.  Lin recorded the deed of trust on April 19, 2019.  Zhao and Lin stipulated that Wang and an accomplice forged Zhao's signature on the note and deed of trust.  Zhao testified that she did not learn of Lin's loan until around the time she and Wang separated; according to the MSA, the couple

_____

[2] On June 15, 2026, Lin filed a motion to augment the record with trial exhibits.  Many of the exhibits are already included in the clerk's transcript.  We grant Lin's motion to augment the record to the extent it contains trial exhibits not already included in the clerk's transcript.

[3] The MSA did not assign the 2016 bank loan as an obligation to either party.  Also, the court's statement of decision explained that the testimony at trial did not establish "who paid off the Sterling Bank . . . loan."

4

separated on or about July 26, 2019.  She did not agree that Wang could use the property as security for a loan.

On August 5, 2019, Zhao filed a petition for dissolution of marriage (case No. 19PSFL01462).  Zhao and Wang executed the MSA on August 8, 2019.  The MSA stated it was effective as of the date of its execution and binding independent of the family court's approval.  On October 28, 2019, the family court entered a dissolution judgment that incorporated the MSA.  In accord with section 2339, subdivision (a), the judgment of dissolution became final on February 7, 2020 (six months after Wang first appeared in the dissolution action).

The dissolution judgment awarded the property to Zhao as her sole and separate property.  The MSA listed the condominium under assets "jointly and/or separately owned by the [p]arties, which *may* constitute as community propert[y]."  It awarded the property "to [Zhao] as her sole and separate property, as the source of funds for the purchase of the . . . [p]roperty was derived from [Zhao]'s sole and separate property" without further explanation of that source.  The MSA directed Wang to execute a quitclaim deed within 90 days after the MSA's execution, stated Wang was "solely responsible" for the 2019 deed of trust, and required Wang to cooperate "in voiding the [d]eed of [t]rust, including the need to bring a civil action."  The MSA acknowledged that an assignment of a debt to one spouse did not restrict a creditor's right to seek payment from the other.  Zhao and Wang agreed that if a creditor sought to enforce a debt against the party not responsible for it, the debtor would fully indemnify the other former spouse for any payment or costs and fees incurred in defending against the creditor's claim.

5

**B.      Procedural Summary**

        1.      *Complaint and Cross-complaint*

On November 26, 2019, after entry of judgment in the dissolution action, Zhao filed a verified complaint against Lin, Wang, and others.  The complaint alleged several claims, including quiet title, declaratory relief, and requests for recission and cancellation of the deed of trust.  It alleged the $230,000 loan had been obtained without Zhao's knowledge and that Lin had provided the full $230,000 to Wang and others.

In June 2020, Lin cross-complained against Zhao, Wang, and others.[4]  The cross-complaint is not in the record, but other record documents indicate Lin sought to quiet title, declaratory relief, and an equitable lien on the property.

        2.      *Trial*

On February 28 and 29, 2024, the court held a bench trial on the parties' claims.  The parties submitted briefs in advance of trial and in lieu of closing arguments.  Zhao and Lin offered brief testimony at trial, the relevant portions of which we have already summarized above.

               a.      Lin's Arguments

Lin argued that real property acquired during a marriage in a joint form is presumptively community property.  (§§ 760,

---

        [4] In January 2020, Wang filed for bankruptcy.  The record does not disclose the length of the automatic stay, but in November 2020, the court entered Wang's default on the cross-complaint.  In September 2024, the court ordered that default judgment packages be provided to the court for the defaulted defendants, except those who received a discharge in bankruptcy as to Zhao's or Lin's causes of action.

6

2581.) He argued that under section 1102, a spouse who did not consent to an encumbrance on community property could only set it aside in its entirety if that spouse challenged the encumbrance during the existence of the community. Because Zhao did not file the lawsuit against Lin until after the dissolution judgment was entered, Zhao could invalidate the deed of trust only to the extent of her community property interest. Lin further argued that the remedy of recission or cancellation of a voidable instrument required Zhao to return the loan proceeds to Lin, which she had not done.

    b. <u>Zhao's Arguments</u>

Zhao argued the condominium was not community property but her separate property that her then-husband could not have encumbered during the marriage. She pointed to the dissolution judgment's statement that "the source of the funds for the purchase of the . . . [p]roperty was derived from [. . . Zhao's] sole and separate property." She argued Lin did not present evidence that Wang paid any portion of the Sterling Bank loan or any other evidence contradicting the family court findings. Zhao also argued that even if the condominium was community property, she timely challenged the deed of trust. She claimed the deed of trust was void because it was forged and section 1102 required both spouses to sign an instrument encumbering community property. Zhao further argued she could rescind the deed of trust without repaying the loan proceeds as there was no evidence she received any portion of the loan proceeds, and the deed of trust had been obtained through fraud.

    3. *The Trial Court's Ruling*

On September 16, 2024, the court issued a tentative statement of decision.

The court "adopt[ed]" the family court's finding that the condominium was Zhao's separate property and not subject to the deed of trust. The court cited Zhao's trial testimony consistent with that finding—namely that Zhao took out a loan to purchase the property and that she purchased the property with a loan from Sterling Bank. Zhao acknowledged Wang was on the loan but did not acknowledge that he paid off the loan, and the court found Lin's suggestion that Zhao could not have paid off the loan on her own because she was a student was speculative. Based on the court's finding that the condominium was separate property and that Zhao's signature had been forged, the court concluded the deed of trust was void and that Lin was not entitled to an equitable lien against the real property.

The court also found that even if the condominium had been community property, under section 1102, both spouses had to sign an encumbrance for it to have any effect, which did not occur here as Zhao's signature was forged. The court found that Zhao's lawsuit was sufficiently timely under section 1102 to seek invalidation of the entire encumbrance as opposed to just the encumbrance of Zhao's 50 percent community interest.[5]

Lin objected to the tentative statement of decision. Those objections included that Lin was not a party to the dissolution proceeding, and, thus, could not be bound by the MSA and resulting judgment's recitation that the condominium was Zhao's sole and separate property. The court overruled Lin's objections

---

[5] The court found Zhao failed to prove Lin's foreclosure (which he rescinded) caused her any damages.

and adopted its proposed statement of decision as the final statement of decision.[6]

### 4. *Judgment*

The court entered judgment on November 25, 2024. It found the parties had litigated claims for quiet title, declaratory relief, cancellation of Lin's deed of trust, equitable lien, and wrongful foreclosure. It entered judgment in Zhao's favor and against Lin for quiet title, declaratory relief, and cancellation of the deed of trust. It did not require any portion of the loan proceeds returned to Lin in exchange for cancellation of the deed of trust. The court found in Lin's favor on Zhao's claim for wrongful foreclosure and in Zhao's favor on Lin's claim for an equitable lien.

## DISCUSSION

Lin raises three issues on appeal. First, he argues that substantial evidence did not support the court's finding that the condominium was Zhao's separate property at the time he recorded his deed of trust. Second, he argues Zhao's challenge to the deed of trust was untimely under section 1102, and, thus, Zhao could not set aside the deed of trust in its entirety. Third, he argues that the court should have ordered Zhao to return to him the benefits of the loan she received in connection with any cancellation of the deed of trust.

---

[6] On our own motion, we augment the record to include the court's November 6 and 7, 2024 orders overruling Lin's objections to the proposed statement of decision and issuing the final statement of decision. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

9

**A. No Substantial Evidence Supports the Separate Property Finding**

Lin argues that no substantial evidence supports the trial court's finding that the condominium was Zhao's separate property at the time of the loan. We agree.

### 1. *General Legal Principles and Standard of Review*

"Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property." (§ 760.) Between them, married persons can transmute the character of their property by agreement or transfer. (§ 850.) "A transmutation of real . . . property is not valid unless made in writing by an express declaration that is made, joined in, consented to, or accepted by the spouse whose interest in the property is adversely affected." (§ 852, subd. (a).) "A transmutation of real property is not effective as to third parties without notice thereof unless recorded." (§ 852, subd. (b).)

"The party contesting community property status . . . bears the burden of producing sufficient rebuttal evidence . . . showing different ownership interests; the contestant's burden of proof is by a preponderance of the evidence." (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2026) § 8:423.)

"As a general rule, factual findings that underpin the characterization determination are reviewed for substantial evidence. 'Appellate review of a trial court's finding that a particular item is separate or community property is limited to a determination of whether any substantial evidence supports the finding.' [Citations.] [¶] But de novo review is appropriate where resolution of 'the issue of the characterization to be given (as separate or community property) . . . requires a critical

10

consideration, in a factual context, of legal principles and their underlying values, the determination in question amounts to the resolution of a mixed question of law and fact that is predominantly one of law.' " (*In re Marriage of Rossin* (2009) 172 Cal.App.4th 725, 734.)

2. *Analysis*

The trial court adopted the statement in the family court judgment/MSA that the source of funds to purchase the condominium was Zhao's separate property, and it treated that finding as a presumption for Lin to rebut. This was error.

Lin was not a party to the dissolution proceeding and was not bound by Zhao and Wang's characterization of that property in the MSA and resulting judgment. Although dissolution judgments can bind some creditors who are not parties to the dissolution case, in that "separate property owned by a married person at the time of the division and the property received by the person in the division is not liable for a debt incurred by the person's spouse . . . during marriage," this rule does not "affect[] the liability of property for the satisfaction of a lien on the property." (§ 916, subd. (a)(2).) Nor did issue preclusion prevent Lin from litigating the characterization of the property. Under that doctrine, a "prior judgment conclusively resolves an issue actually litigated and determined in the first action." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.) But "[i]n accordance with due process, it can be asserted only against a party to the first lawsuit, or one in privity with a party." (*Ibid.*) Lin does not fall into either category. The trial court accordingly erred in relying on the MSA/family law judgment.

The undisputed evidence at trial showed that Zhao and Wang acquired the condominium during marriage in joint form

11

as joint tenants.  The presumption set forth in section 760 that the condominium was community property therefore applied. (See *In re Brace* (2020) 9 Cal.5th 903, 911-912.)  As the one claiming the condominium was separate property, it was Zhao and not Lin who had the burden to overcome that presumption. (*In re Marriage of Simonis* (2023) 95 Cal.App.5th 1129, 1142.) Zhao testified that "she" borrowed money from Sterling Bank for the purpose of purchasing the condominium, but acknowledged her husband was also on the loan and that he was employed and she was a student.  There is no testimony that Zhao paid off the Sterling Bank loan with her separate funds or that Wang did not contribute to repaying the loan; there was only her conclusory assertion in the MSA that this was the case.  Nor is there any evidence that there was a transmutation of the property or notice to Lin of transmutation prior to the loan and the recording of his deed of trust or prior to the MSA.  (§ 852, subds. (a), (b); Hogoboom & King, Cal. Practice Guide: Family Law, *supra*, § 8:471 [stating spouses may agree to change the status of their property "before and during marriage" "but before commencement of a dissolution action"].)

Because the record lacks substantial evidence that rebutted the presumption that the condominium was community property, the court erred in characterizing the condominium as Zhao's separate property for purposes of Lin's deed of trust.

## B.    Zhao Was Not Entitled to Invalidate the Entirety of the Deed of Trust

The trial court concluded that even if the condominium was not separate property, section 1102 permitted it to cancel the deed of trust in its entirety.  This was also error.

12

1. *General Legal Principles*

Under section 1102, subdivision (a), "both spouses, either personally or by a duly authorized agent, are required to join in executing an instrument by which . . . community real property or an interest therein is leased for a longer period than one year, or is sold, conveyed, or encumbered."  (§ 1102, subd. (a).)  Depending on when the nonconsenting spouse challenges it, a deed of trust such as Lin's that does not comply with this mandate is voidable either entirely or to the extent of the nonconsenting spouse's community interest.  (See *Droeger v. Friedman, Sloan & Ross* (1991) 54 Cal.3d 26, 30 [interpreting Civ. Code, § 5127, the predecessor to § 1102][7].)  If challenged during the marriage, it is entirely voidable.  If challenged after dissolution and the division of community property, it is voidable only as to the nonconsenting spouse's 50 percent community interest.  (Hogoboom & King, Cal. Practice Guide: Family Law, *supra*, §§ 8:682, 8:683.)

2. *Analysis*

Relying on *Droeger v. Friedman, Sloan & Ross*, *supra*, 54 Cal.3d 26 and *Hyatt v. Mabie* (1994) 24 Cal.App.4th 541, Lin argues that because Zhao filed the underlying quiet title action after the division of community property and the dissolution of

---

[7] Civil Code former section 5127 was continued in section 1102 without substantive change.  (§ 1102, Cal. Law Revision Com. com.; Stats. 1992, ch. 162, § 10; *In re Marriage of Turkanis & Price* (2013) 213 Cal.App.4th 332, 347, fn. 5.)

13

marriage, Zhao could avoid the encumbrance only to the extent of her one-half community interest. We agree.[8]

In *Droeger*, a wife filed for dissolution. (*Droeger v. Friedman, Sloan & Ross*, *supra*, 54 Cal.3d at p. 30.) Before the completion of the dissolution proceedings, the wife executed a deed of trust encumbering community real property without her husband's consent, and the husband filed an action to quiet title. (*Ibid.*) Our high court determined that the husband had, "during the marriage, timely challenge[d] a transfer made in violation of [the predecessor to section 1102]," and, thus, "he [was] entitled to invalidate the encumbrance in its entirety" not just the encumbrance as to his one-half community interest. (*Droeger v. Friedman, Sloan & Ross*, *supra*, at pp. 30, 35-36.) *Droeger* approved a line of cases consistent with *Andrade Development Co. v. Martin* (1982) 138 Cal.App.3d 330. (See *Droeger v. Friedman, Sloan & Ross*, *supra*, at pp. 36-37.) *Andrade* explained that, while the marriage exists, the "[d]isposal of community property or partition of the spouses' interests should be allowed only where the spouse consents or where a court sitting in equity can provide an equitable result as in dissolution or probate proceedings." (*Andrade Development Co. v. Martin*, *supra*, at p. 334.)

In *Hyatt*, a husband obtained a loan secured by the couple's residence, which was community property. (*Hyatt v. Mabie*, *supra*, 24 Cal.App.4th at p. 543.) The wife discovered the encumbrance after the entry of the dissolution judgment and

---

[8] Contrary to Lin's contentions, however, neither *Droeger* nor *Hyatt* requires a court to adjudicate a quiet title claim prior to entry of a dissolution judgment.

14

after the family court had already divided the assets and obligations between the spouses.  (*Id*. at p. 544.)  The wife filed an action to cancel the deed of trust.  (*Ibid*.)  The trial court found in favor of the trust deed beneficiaries.  (*Id*. at p. 545.)  The appellate court affirmed, and explained that at the time of the wife's lawsuit, "the reasons supporting the remedy of entire voidability no longer [existed]" because the marriage had dissolved and the community no longer existed.  (*Id*. at p. 546.)

The trial court here found it was "significant" that the spouses were not returned to their status of single persons until February 7, 2020.  But notwithstanding the delay mandated by section 2339, subdivision (a) with regard to marital status, the family court had already adjudicated the division of the community property and entered judgment on that division before Zhao filed an action against Lin challenging the deed of trust.  Further, Zhao and Wang's MSA stated that the property division was binding and effective as of August 8, 2019, the date of its execution, which was also before Zhao challenged the deed of trust.  Thus, as in *Hyatt*, the conditions for entire voidability of the deed of trust no longer existed (*Hyatt v. Mabie*, *supra*, 24 Cal.App.4th at p. 546), and Zhao could seek only to void the deed of trust reaching her one-half community interest.  Lin is therefore limited to enforcing the deed of trust only to the extent of Wang's community interest in the property, which is valued as of the date of the MSA.  (See § 2552, subd. (a).)

C.    **Lin Is Not Entitled to Restoration of "Benefits" in Exchange for Cancelling the Deed of Trust to the Extent of Zhao's Community Interest**

"A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause

15

serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." (Civ. Code, § 3412.) "In obtaining rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction." (*Fleming v. Kagan* (1961) 189 Cal.App.2d 791, 796.)

Lin argues that in exchange for cancellation of the deed of trust, which we have concluded above is appropriate only as to it not extending to Zhao's community interest in the property, the trial court should order Zhao to return "[t]he [b]enefits [o]f [t]he [l]oan" to him.[9] Lin argues the testimony at trial established Zhao never repaid any part of the loan taken out in secret by her

_____

[9] Lin argues rescission of a contract requires the parties to restore to each other everything of value received under the contract. The trial court did not rescind the deed of trust; it cancelled it. Nor does Lin provide any record citation indicating he sought rescission in the trial court, or that the court ultimately ruled on Zhao's request for recission in her original complaint. We therefore do not address these arguments. Lin also argues that under *Lezine v. Security Pacific Fin. Services, Inc.* (1996) 14 Cal.4th 56, Zhao remains liable to Lin in his capacity as an unsecured creditor and Lin may recover from Zhao any portion of the loan that remains outstanding if Wang's 50 percent interest is insufficient to repay the entire loan. Lin did not make these arguments in the trial court and therefore has forfeited them. Even if Lin had not forfeited these arguments, *Lezine* is distinguishable as the creditor there obtained a monetary judgment against the husband and recorded a judgment lien against the community property before the community dissolved. (*Id*. at pp. 59, 60.)

16

ex-husband. But Lin does not cite any evidence or finding by the trial court that Zhao received any benefit from the loan.

It is not clear who bore the burden of proof at trial to show whether Zhao received any benefit from the loan. (See *McCoy v. West* (1977) 70 Cal.App.3d 295, 302 ["[I]t has been stated that a vendee seeking rescission should account for the value of the use of the subject matter during the time he was in possession," but "it also has been said that such an issue is a matter to be raised by the vendor in his pleadings [citation] and that the burden of proof as to such value is upon the vendor"].) It makes no difference here. If Lin had the burden of proof, as the party seeking the return of funds from Zhao, he entirely failed to carry it. He adduced no evidence demonstrating Zhao received any benefit from the loan proceeds secretly obtained by Wang. If Zhao had the burden, she adduced evidence giving rise to a reasonable inference that she received no benefit. It was undisputed Wang forged her signature, and she testified that she had no knowledge of the loan until she viewed Wang's separate bank account online, which occurred near the time of her separation from Wang. The MSA established the couple separated in July 2019; Wang had obtained the loan only shortly before this time, in April 2019. Accordingly, the trial court did not err in declining to order Zhao to restore any benefit she received under the loan in exchange for any cancellation of the deed of trust because there was no evidence she received such a benefit.

## DISPOSITION

We reverse the court's judgment as to Zhao's claims for quiet title, declaratory relief, and the cancellation of the deed. We direct the trial court to enter judgment quieting title, and

declaring that Zhao is the sole owner of the property and that Lin's encumbrance survives as to Wang's half of the property's equity as of August 8, 2019.  We remand the matter for the court to calculate the value of Wang's one-half community property interest in the condominium as of August 8, 2019.  We otherwise affirm the judgment.  Lin is awarded his costs on appeal.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:


ROTHSCHILD, P. J.


M. KIM, J.